In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-08-00611-CR
           01-08-00612-CR
___________

DANYEL D. DUNN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th District Court 
Harris County, Texas
Trial Court Cause Nos.1127166 and 1127161



 
MEMORANDUM OPINION
          We lack jurisdiction to hear these appeals. Appellant, Danyel D. Dunn pleaded
guilty to two separate offenses of burglary of a habitation with intent to commit theft
and true to one enhancement paragraph contained in the indictments. In accordance
with his plea bargain agreements with the State, the trial court sentenced appellant to
confinement for 10 years in each case. 

          Along with the plea, appellant, appellant’s counsel, and the State signed a
stipulation of evidence in each case which included, among others, the following
statements: “I intend to enter a plea of guilty and understand that the prosecutor will
recommend that my punishment should be set at 10 years TDC; I agree to that
recommendation...Further, I waive my right of appeal which I may have should the
court accept the foregoing plea bargain agreement between myself and the
prosecutor.” The trial court’s judgment is stamped, “Appeal waived. No permission
to appeal granted.” 

           After the trial court sentenced appellant to punishment in each case that fell
within the terms of the plea bargain agreements, the trial court certified in each case
that: “this case is a plea-bargain case and the defendant had no right to appeal.” 
Appellant did not request the trial court’s permission to appeal any pre-trial matters,
and the trial court did not give permission for appellant to appeal. Appellant filed
a timely pro se notice of appeal in each case. These appeals followed.

          We conclude that the certifications of the right of appeal filed by the trial court
in cause number 1127166 and 1127161 are supported by the record and that appellant
has no right of appeal due to the agreed plea bargains. Tex. R. App. P. 25.2(a). 
Because appellant has no right of appeal, we must dismiss this appeal “without
further action.” Chavez v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).Accordingly, the appeals are dismissed for lack of jurisdiction.
          Any pending motions are denied as moot.
PER CURIAM
Panel consists of Justice Taft, Jennings, and Bland.
Do not publish. Tex. R. App. P. 47.2(b).